STEVEN TREZ, GUARDIAN FOR CARL TREZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trez v. Commissioner
Docket No. 9381-74.
United States Tax Court
T.C. Memo 1976-141; 1976 Tax Ct. Memo LEXIS 262; 35 T.C.M. (CCH) 640; T.C.M. (RIA) 760141; May 5, 1976, filed Robert G. Zanesky, for the petitioner. David W. Johnson, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: The respondent determined a deficiency in the amount of $215 for the taxable year 1972 on the Federal income tax return of Carl Trez filed by his guardian Steven M. Trez who is the petitioner in this case. The issues for our decision are: (1) Whether petitioner is entitled to utilize the percentage standard deduction in computing Carl's 1972 income tax liability. (2) Whether the petitioner is entitled to a sick pay exclusion in computing Carl's 1972 income tax liability. The facts in this case have been stipulated. These facts and the exhibit attached thereto are incorporated herein by this reference. Petitioner Steven M. Trez is guardian for Carl Trez.At the time of the filing of the *264 petition herein petitioner resided in Shelton, Connecticut. He filed a Federal income tax return for the taxable year 1972 with the District Director of Internal Revenue, Andover Service Center, Andover, Massachusetts. Carl Trez, the son of petitioner, was born in 1962. He is mentally retarded. His income is derived from investments made with an award received in a malpractice suit. During the taxable year 1972 Carl received adjusted gross income in the amount of $3,896 consisting of dividends, interest and capital gains. Carl did not work or perform services for the production of this income. Steven Trez claimed his son Carl as a dependency exemption on Steven Trez's individually-filed income tax return for the taxable year 1972. The parties are in agreement that Steven Trez is entitled to the claimed dependency exemption. Petitioner, in computing Carl Trez's 1972 Federal income tax liability, utilized the tax rate schedule which included the percentage standard deduction. During the 1972 taxable year, Carl Trez had $361 in dividend income (after the $100 statutory exclusion), $3,169 in interest income, and $366 in long-term capital gains, for a total of $3,896 in adjusted *265 gross income. Steven Trez filed Carl's 1972 Federal income tax return as custodian for Carl and computed the income tax due on said return by utilizing the tax rate schedule which includes the percentage standard deduction. Section 3, I.R.C. 1954. [1] Steven Trez also claimed his son as a dependency exemption on his own individually-filed income tax return. Petitioner is not entitled to utilize the percentage standard deduction to compute Carl's 1972 Federal income tax liability. His correct tax liability should be based on itemized deductions as well as Carl's personal exemption. Section 141(e) [2] provides that in the case of a taxpayer with respect to whom a dependency deduction under section 151(e) is allowable to another taxpayer for the taxable year, the percentage standard deduction shall be computed only with reference to so much of his adjusted gross income as is attributable to his earned income (as defined in section 911(b)), and the low income allowance shall not exceed his earned income for the taxable year. *266 Earned income is defined by section 911(b) as "wages, salaries, or professional fees, and other amounts received as compensation for personal services actually rendered * * *." The facts of this case fall squarely within the provisions of section 141(e). Carl Trez, as the minor son of Steven Trez, during the 1972 taxable year was a dependent of Steven Trez under section 151(e) and was so claimed by Steven Trez. In addition, Carl had no earned income on which the standard percentage deduction could be computed. Although petitioner did not claim a sick pay exclusion on Carl's 1972 Federal income tax return, he apparently raises this issue under subparagraphs 5 and 6 of paragraph 4 of his petition. In his petition he makes the following claims: 5. IRS claims unearned income, so is sickness and disability income up to $5,200 yearly for others. 6. Carl cannot earn income due to disability during his lifetime and should be entitled to $5,200 yearly, same as others who are disabled. IRS is violating Carl's civil rights and equal protection of the law as guaranteed by the Constitution of the U.S.
Under section 104 compensation received under a workmen's compensation act for *267 personal injuries or sickness, damages received under a suit or settlement of a claim on account of personal injuries or sickness, [3] and amounts received by a taxpayer under a policy of accident and health insurance which he himself purchased are excluded from income. Section 105 allows employees under employee-financed accident and health plans to exclude specific portions (limited to a rate not to exceed $100 per week or $5,200 per year) of their sick pay from gross income. Carl's income came from interest, dividends and long-term capital gains; consequently, section 104 is not applicable. Furthermore, since Carl was not an employee section 105 is also not available to petitioner. Therefore, petitioner is not entitled to a sick pay exclusion is computing the 1972 tax liability of Carl Trez. *268 Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Effective for taxable years beginning after December 31, 1971.↩
3. We surmise from petitioner's petition that Carl received damages from a malpractice suit. Under section 104(a) (2) these amounts would have been excluded from income in the year of receipt if the origin of the suit had been the seeking of damages for personal injury or sickness. However, these presumed sums are not in question. The sums in question are the income from investments made with the damage awards.↩